[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14217
Non-Argument Calendar

_____

D. C. Docket No. 03-14006-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENALDO CASSINOVA JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 29, 2005)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Renaldo Cassinova Jones appeals his 235-month sentence for conspiracy to

possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On appeal, Jones argues that, under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the district court committed constitutional error by enhancing his sentence under United States Sentencing Guidelines Manual §4B1.1 based upon judicially-found facts, specifically the facts surrounding his 1989 arrest and subsequent guilty plea, stemming from a home invasion. Jones contends that, in relation to the 1989 home invasion, he pled guilty to a misdemeanor battery, not a sexual battery, as stated in the Presentence Investigation Report ("PSI"). He asserts that the characterization of his conviction as a sexual battery led to the PSI's determination that he was a career offender, which resulted in a total offense level of 34, rather than 26. Jones argues that, in light of *Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), the district court erred in determining the nature of his prior conviction based on an arrest affidavit. Jones also asserts that the district court committed statutory *Booker* error by sentencing him under a mandatory guidelines scheme, and that the government cannot show that the error was harmless. Finally, Jones argues that his sentence was unreasonable.

Because Jones did not raise a *Booker* challenge to the guidelines calculations below, we review his claim only for plain error. *United States v. Dowling*, 403

2

F.3d 1242, 1246-47 (11th Cir. 2005), *cert. denied* (U.S. Oct. 11, 2005) (No. 05-6234). Under a plain error analysis, a defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id*. at 1247 (internal quotation omitted). If the defendant satisfies this burden, we may then exercise our discretion to notice the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotations and citations omitted). In the context of *Booker* errors, the plain error test is satisfied only when the defendant can show that "there is a reasonable probability of a different result." *Id*. (internal quotation omitted).

In *Booker*, the Supreme Court concluded that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Booker*, 543 U.S. at ___, 125 S. Ct. at 749-51. There are two types of *Booker* errors: (1) a constitutional error, which occurs when an individual's sentence is enhanced based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) a statutory error, which occurs when a defendant is sentenced under a mandatory guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, any constitutional error that the district court committed in determining that Jones's criminal history included a sexual battery as opposed to a

simple battery is not reversible plain error because the career offender enhancement still would have applied, even without inclusion of this conviction. Furthermore, although the district court committed statutory *Booker* error by sentencing him at the high end of the guideline range, Jones cannot show that his substantial rights were affected. In fact, the district court referred to "the criminal history as the reason for imposing a sentence at the high end of the guideline range," and emphasized Jones's record of "serious crime," including multiple drug offenses, and his propensity to threaten violence and commit violent acts. Because Jones cannot show a reasonable probability of a different result, the district court did not commit reversible plain error when it sentenced him under the mandatory guidelines scheme.

Jones next argues that, due to the facts of his case and the "lack of evidence presented at sentencing," his sentence was unreasonable. However, when a defendant is sentenced pre-*Booker* and fails to preserve the issue below, we do not review for reasonableness; rather, we review for plain error. *See United States v. Robles*, 408 F.3d 1324, 1327-28 (11th Cir. 2005). Under such an analysis, as we have already stated, Jones's claim that the district court committed reversible error in determining his sentence is without merit.

Upon review of the record and consideration of the parties' briefs, we

discern no reversible error.  Accordingly, we affirm.

**AFFIRMED.**